UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LEO L. WELCH,  )<br>)<br>Movant  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent  ) | Civil No. 05-97-P-S<br>Criminal No. 03-72-P-S |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Leo Welch has filed a 28 U.S.C. § 2255 motion seeking relief from his 100-month federal sentence. Welch, having raised Blakely v. Washington, 542 U.S. 296 (2004) on direct appeal, seeks to reap the benefit of United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). He states that this Court expressed reservations about saddling Welch with such a severe prison term during sentencing and indicated that the Court's hands were tied by the mandatory nature of the United States Sentencing Guidelines. The United States opposes Welch's motion.

*Discussion*

*Welch's Two 28 U.S.C. § 2255 Grounds*

In ground one Welch argues that his sentence was imposed in violation of Booker because it was determined by facts not heard by a jury or held to a "reasonable doubt" standard. In his second ground Welch faults his attorney for failing to advance a "sentencing defense" under Blakely which was pending (but not decided) at the time of his sentence. In the affidavit accompanying his motion Welch states that after the

rejection of his Blakely claim on direct appeal, his attorney advised him, as Welch phrases it, that she felt that a petition for writ of certiorari was not warranted because all the courts of appeals had found that it was within the discretion of the court whether or not to find plain error. (Welch Aff. ¶ 8.)

*United States' Arguments*

The United States argues, first, that Booker is not retroactive to cases on collateral review. (Gov't Mem. at 13.)   Second, it asserts, "Welch's current attack under Booker amounts to a claim that was raised on direct appeal under Blakely and rejected by the First Circuit."  (Id.)   The United States contends, thirdly, that Welch has "forfeited" his claim because once Booker issued he should have filed a timely petition for rehearing with the First Circuit of his yet-to-be-finalized direct appeal; the First Circuit entered its order on its Docket on January 11, 2005, Booker issued January 12, 2005, and the actual mandate in his appeal issued February 2, 2005. The United States faults Welch for not taking this step and for not even seeking Supreme Court review although his timing for petitioning for such certiorari review had not yet elapsed.  In its view Welch, having allowed his time for seeking rehearing and/or review by the Supreme Court to lapse, is now in the same position as the defendant in United States v. Fraser, 407 F.3d 9, 10 - 11 (1st Cir. 2005).[1]   The United States' final Booker volley is as follows:

---

[1]   Fraser explained:
This case presents the issue of whether the issuance of the United States Supreme Court's decision in United States v. Booker, __U.S. __, 125 S.Ct. 738 (2005), itself constitutes a reason to recall mandate to permit a defendant to present arguments to this court that his sentence should be vacated and the case remanded for resentencing. We answer that question in the negative. We hold that the normal and extremely rigorous standard for recalling mandate established in Calderon v. Thompson, 523 U.S. 538, 550 (1998), applies to cases seeking to recall mandate under Booker. As defendant cannot meet that standard, we deny his motion.
   In November 2004 this court affirmed defendant Gregory Fraser's sentence of 54 months of imprisonment after he pled guilty to possessing stolen firearms in violation of

Finally, even if Welch were not precluded from raising a claim under Booker in a §2255 petition, his argument nevertheless fails because he misunderstands the holding of the case. Welch's argument that his sentence "was determined by facts not heard by a jury or held to a 'reasonable doubt' standard" in violation of Booker is to no avail. In fact, Booker had no effect whatever on a court's authority to determine facts at sentencing by a preponderance of the evidence. Rather, Booker "preserved the use of judge-made findings by directing that the guidelines hereafter be treated as advisory rather than mandatory guidelines." Cirilo-Munoz at 532-533. Thus, Welch's argument under Booker fails for a host of independent reasons.

---

18 U.S.C. § 922(j). In our decision, we rejected Fraser's argument, made in a supplemental brief, that under Blakely v. Washington, 542 U.S. 296 (2004), he was entitled to have his sentence recalculated because he had not admitted to (nor had a jury found beyond a reasonable doubt) two sentencing factors: a prior state-court continuance without a finding and his possession of 29 guns. See United States v. Fraser, 388 F.3d 371, 376-77 (1st Cir.2004) (per curiam).

   Fraser allowed the time for petitioning this court for rehearing to expire and then belatedly requested additional time to file a petition for panel rehearing, which this court allowed. Nonetheless, he then was late in filing his petition for panel rehearing or for rehearing en banc, filing it two days beyond the extended deadline. Fraser also did not move to stay mandate pending the filing of a petition for a writ of certiorari. Mandate then issued. Only a timely petition for rehearing stays the issuance of mandate. Fed. R.App. P. 41(d)(1). While the untimely petition for rehearing was pending, the time for filing a petition for a writ of certiorari in the United States Supreme Court also expired. See S.Ct. R. 13.

   Fraser's untimely petition for rehearing from the November 2004 decision is before us. It cannot be granted because mandate has issued. See Boston & Maine Corp. v. Town of Hampton, 7 F.3d 281, 282 (1st Cir.1993).

   We will treat the untimely petition as a motion to recall mandate, over which we do have jurisdiction. Id. Nonetheless, the Supreme Court has instructed that we may exercise that power only upon a showing of "extraordinary circumstances." Calderon, 523 U.S. at 550. "Resort to recall power is an 'extraordinary step,' and 'should not be used simply as a device for granting late rehearing.' " Boston & Maine Corp., 7 F.3d at 283 (quoting Johnson v. Bechtel Assocs. Prof'l Corp., 801 F.2d 412, 416 (D.C.Cir.1986)). "Recall of a mandate--other than to correct a clerical error--threatens important interests in finality and is a step to be taken only in the most unusual circumstances." Conley v. United States, 323 F.3d 7, 14 (1st Cir.2003) (declining to recall mandate). No such extraordinary circumstances are present here.

   To recall mandate in these circumstances would not only undercut finality, but it would threaten the restrictions on relief under other doctrines. This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance *Booker* claims in the absence of a Supreme Court decision rendering *Booker* retroactive. Cirilo-Muñoz v. United States, 404 F.3d 527 (1st Cir.2005). If mandate could be recalled merely based on Booker, that result would provide an avenue to escape the restrictions Congress has imposed on habeas review.

   Finally, we have said there is nothing fundamentally unfair in the use of judge-made findings of fact. United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir.2005). Id. at 10-11 (footnotes omitted).

(Id. at 16.)

With respect to Welch's ineffective assistance ground, the United States points out that Blakely was not decided until three months after Welch's sentencing and counsel cannot be faulted for not anticipating the Supreme Court's decision in that case. (Id. at 17-18.) It then argues that Welch was not prejudiced by counsel not raising Blakely because "Blakely in no way applied to Welch's case." (Id. at 18.) With respect to counsel's failure to petition for certiorari review, it is the United States' position that counsel was effective in that counsel informed Welch of his right to a direct appeal, she briefed and argued that appeal, and informed him that petitions for writs of certiorari are seldom successful. (Id. at 20-22.)

*Recommendation*

The First Circuit's order on Welch's direct appeal reads:

Our review of the sentencing court's determination not to grant appellant a downward adjustment for acceptance of responsibility is for clear error. See United States v. Glaum, 356 F.3d 169, 180 (1st Cir. 2004). See also United States Sentencing Guidelines §3E1.1. The defendant bears the burden of proving his entitlement to any reduction of his offense level, including one for acceptance of responsibility. See United States v. Gonzales, 12 F.3d 298, 300 (1st Cir. 1993). The district court's determination that the reduction was not appropriate was not clearly erroneous. The commission of an additional crime while on release pending sentencing can suffice as a basis for denying the adjustment. See United States v. Carrington, 96 F.3d 1, 9 (1st Cir. 1996). Appellant requested and received permission to file a supplemental brief arguing that, under Blakely v. Washington, 124 S. Ct. 2538 (2004), application of the United States Sentencing Guidelines was erroneous. Appellant did not object to reliance on the Sentencing Guidelines in the district court. Therefore, on appeal, the district court's judgment is reviewed solely for plain error. Under the law of this Circuit, see, e.g., United States v. Fraser, 388 F.3d 371, 376-77(1st Cir. 2004), "in the absence of a Supreme Court pronouncement that Blakely applies to the federal sentencing guidelines, federal sentencing decisions following pre-Blakely precedents are not plainly erroneous." (Internal quotation and citation omitted). Accord United States v. Cordoza-Estrada, 385 F.3d 56 (1st Cir. 2004); United

4

> States v. Morgan, 384 F.3d 1, 8 (1st Cir. 2004). The judgment of the
> district court is summarily affirmed. See 1st Cir. R. 27(c).

(Docket No. 1465)(emphasis added)

The Booker pronouncement that Apprendi v. New Jersey, 530 U.S. 466 (2000)/Blakely principles apply to the federal sentencing guidelines came out the day after this order's entry and sparked immediate discussion as to its implications for pending cases within the District of Maine defense bar. I cannot fathom why competent counsel representing a client who was denied Blakely relief-- in an order that concluded that "in the absence of a Supreme Court pronouncement that Blakely applies to the federal sentencing guidelines, federal sentencing decisions following pre-Blakely precedents are not plainly erroneous" -- would not file for a petition for rehearing and/or file a petition for certiorari review by the United States Supreme Court. A search for cases that the United States Supreme Court has remanded to the Circuit Courts of Appeal for consideration in light of Booker is rewarded with a list of hundreds of cases remanded in a seven-month period. The First Circuit Court of Appeals recognized that an error in interpretation or application of the United States Sentencing Guidelines may justify a Booker remand, see United States v. Antonakopoulos, 399 F.3d 68, 81 (1st Cir. 2005), and has indeed remanded multiple cases, see, e.g., United States v. Alvarez-Cuevas, __ F.3d__, 2005 WL 1530697, *1 (1st Cir. Jun. 30, 2005) (plain error review for unpreserved Booker claim); United States v. Lata, __ F.3d __, 2005 WL 1491483 (1st Cir. Jun. 24, 2005) (harmless error test for preserved Booker claim).

In my view, after having raised a Blakely argument on direct appeal and receiving the response she did on appeal, counsel's failure to seek further review by the First Circuit and/or the Supreme Court in the aftermath of Booker when the time for doing so

was still ripe is not only inexplicable but it also is a failure that runs afoul of the performance prong of Strickland v. Washington, 466 U.S. 668 (1984).[2] With respect to the prejudice prong of Strickland, the sentencing judge is without doubt the best evaluator of whether or not Welch would have been sentenced to a lesser sentence had the sentencing taken place in the post-Booker world.

## *Conclusion*

As explained above, I recommend that the Court, as sentencing judge, make the determination of whether or not Welch was prejudiced by a failure of defense counsel to press a Booker claim while Welch's appeal was still in the direct appeal pipeline.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 15, 2005.

---

[2] I also find the arguments made by the United States hard to reconcile as its memorandum admits that Welch still had time to air his Booker claim when that decision issued and argues that Welch should have pursued this course to avoid a Fraser disposition. Yet, in discussing his ineffective assistance claim the memorandum praises counsel for explaining to Welch that petitions for certiorari seldom succeed.